UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD VINCENT RAY,

    Petitioner,

  v.

JEFFREY BEARD,

    Respondent.

Case No. 15-cv-05327-SI

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Edward V. Ray, Jr. filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a prison disciplinary decision that resulted in a forfeiture of time credits. The court reviewed the petition and found cognizable a claim that Ray's due process rights were violated when the hearing officer refused to allow him to present evidence of a medical reason for his noncompliance with an order. Docket No. 3. Respondent has filed an answer to the order to show cause, and Ray has filed a traverse. Docket No. 6, 7. For the reasons explained below, the petition will be denied.

## BACKGROUND

Edward V. Ray, Jr. ("Ray") was convicted in 2007 of second degree robbery. Docket No. 6-1 at 2-4. As a result of that conviction, he is now in custody serving a sentence of 38 years and 4 months in prison. *Id*. at 2. He does not challenge that conviction here. Instead, the petition in this action challenges a disciplinary decision on a rule violation report, also commonly known as a

CDC-115 for the form on which it is written. Although the events occurred at a prison in Eloy, Arizona, Ray was there on an out-of-state placement and is a prisoner of the State of California subject to the rules of the California Department of Corrections and Rehabilitation ("CDCR").

A CDC-115 written by correctional officer Spaulding ("Spaulding") charged Ray with refusing to obey a direct order to stand for a picture count. Docket No. 6-1 at 7. The CDC-115 described the circumstances of the incident that occurred at about 8:10 p.m. on March 5, 2014:

> On Wednesday, March 5, 2014, at approximately 2010 hours, I, Correctional Officer Spaulding, while conducting a standing picture count in Cocopa-Alpha, Cell #215, assigned to Inmate Ray, E. (#F-73521), I knocked on the window of Cell #215 several times to get Ray's attention. I ordered Ray to stand for picture count, but he refused. Ray said, "this is as good as it gets." I informed Ray by refusing to obey a direct order to stand for picture count he would receive a 115. Ray continued to refuse as he sat on his bunk. Ray has been informed of the procedure for standing picture count. Ray is aware of this report.

Docket No. 6-1 at 7.

A disciplinary hearing was held on March 24, 2014. Docket No. 6-1 at 9. According to the report by the Senior Hearing Officer ("SHO"), Ray declined to make a statement or present evidence in his defense. Docket No. 6-1 at 11. However, Ray states in his papers that he wanted to or attempted to present evidence, but that the SHO did not allow him to. *See e.g.*, Docket No. 1-1 at 12; Docket No. 1-3 at 4. Correctional officer Spaulding and inmate Pontious (#K-49985) were called as witnesses at the hearing by Ray. *Id*. In response to Ray's question about whether Ray spoke to him in an insulting or threatening way, Spaulding stated "'I don't recall what you were saying when I was trying to explain the rules to you.'" *Id*. In response to the SHO's question about why he did not stand up, Ray stated "'I stood up as much as I could.'" *Id*. Ray also responded "'[n]o'" when asked "'are you going to start to do it the proper way as explained?'" by the SHO. *Id*. Ray pled "'not guilty'" to the charge. *Id*.

Ray was found guilty of violating "CCR #3005(b)" for the specific act of "Refusal to Obey Orders." *Id*.[1] The evidence relied upon was (1) Spaulding's written CDC-115 report and

---

[1] Cal. Code Regs. tit. 15, § 3005(b) provides: "Obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees."

(2) Ray's admission of guilt during the disciplinary hearing when he responded "'[n]o'" in response to the SHO's question, "'[a]re you going to start to do it the proper way as explained?'" *Id*.

Ray filed unsuccessful inmate appeals about the disciplinary decision. He also filed unsuccessful state court habeas petitions challenging the disciplinary decision.

Ray then filed this action. Respondent has filed an answer and Ray has filed a traverse.

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 is the proper jurisdictional basis for a habeas petition attacking the execution of a sentence by a petitioner in custody pursuant to the judgment of a state court. *See White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2254 to impose new restrictions on federal habeas review. A petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but

1  unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal
2  habeas court may not issue the writ simply because that court concludes in its independent
3  judgment that the relevant state-court decision applied clearly established federal law erroneously
4  or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas
5  court making the "unreasonable application" inquiry should ask whether the state court's
6  application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

7  The state-court decision to which § 2254(d) applies is the "last reasoned decision" of the
8  state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d
9  1085, 1091-92 (9th Cir. 2005). "Where there has been one reasoned state judgment rejecting a
10 federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest
11 upon the same ground." *Ylst*, 501 U.S. at 803. The presumption that a later summary denial rests
12 on the same reasoning as the earlier reasoned decision is a rebuttable presumption and can be
13 overcome by strong evidence. *Kernan v. Hinojosa*, 136 S. Ct. 1603, 1605-06 (2016). Although
14 *Ylst* was a procedural default case, the "look through" rule announced in that case has been
15 extended beyond the context of procedural default and applies to decisions on the merits. *Barker*,
16 423 F.3d at 1092 n.3. In other words, when the last reasoned decision is a decision on the merits,
17 the habeas court can look through later summary denials to apply § 2254(d) to the last reasoned
18 decision. Here, the Alameda County Superior Court issued a reasoned decision, and the California
19 Court of Appeal and California Supreme Court issued summary denials. Thus, this court looks
20 through the summary denials and applies § 2254(d) to the Alameda County Superior Court's
21 decision.

## DISCUSSION

24 A prisoner is entitled to due process before being disciplined when the discipline imposed
25 will inevitably affect the duration of his sentence. *See Sandin v. Conner*, 515 U.S. 472, 484, 487
26 (1995). Ray had a federally-protected right to due process because the loss of credits will affect
27 the duration of his determinate sentence.
28 The process due in such a prison disciplinary proceeding includes written notice, time to

4

1  prepare for the hearing, a written statement of decision, allowance of witnesses and documentary
2  evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the
3  issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). The Due Process Clause
4  only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it
5  does not require that a prison comply with its own, more generous procedures. *See Walker v.*
6  *Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *overruled on other grounds by Sandin*, 515 U.S.
7  472.

8  The Alameda County Superior Court rejected Ray's argument that he was not allowed to
9  present evidence about a foot injury that allegedly prevented him from standing. The superior
10  court cited the rule that an inmate "'should be allowed to call witnesses and present documentary
11  evidence in his defense when permitting him to do so will not be unduly hazardous to institutional
12  safety or correctional goals.'" Docket No. 1-7 at 4-5 (quoting *Wolff*, 418 U.S. at 566). The
13  superior court then explained its reasoning for rejecting the claim:

> Petitioner['s] self-serving allegation of the refusal of admission of medical records supporting the foot injury is not corroborated by the record. One of the documents that Petitioner attaches to the Petition, which predates the rule violation report, does corroborate[] a foot injury. However, as Respondent points out, the rule violation report as well as the record of the hearing, is devoid of any reference to a foot injury or medical records of such injury. Additionally, none of the questions posed to the two witnesses requested by Petitioner were about any injury. It is noteworthy that according to the medical documentation Petitioner was only precluded from standing more than 15-20 minutes per hour at his work assignment in the kitchen. However, there was no restriction from standing a few minutes for the standing picture count. Thus, Petitioner has not stated a prima facie case that he was denied the right to present documentary evidence in his defense. Accordingly, the Petition is denied *for failure to state a prima facie case for relief*.

21  Docket No. 1-7 at 5 (emphasis added).

22  The Alameda County Superior Court's application of *Wolff* was unreasonable. In habeas
23  corpus proceedings in California courts:

> The [superior] court must issue an order to show cause if the petitioner has made a prima facie showing that he or she is entitled to relief. In doing so, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.

27  Cal. R. Ct. 4.551(c)(1); *see also* Cal. R. Ct. 8.385(d). Taking Ray's factual allegations as true, he
28  stated a claim under *Wolff* that he had not been allowed to introduce his medical evidence in his

5

defense. The superior court's reasoning that the claim was not corroborated by the record was unreasonable because one would not expect this evidence to appear in the record if it was rejected by the SHO. Ray's claim that his medical evidence was refused is thus not irreconcilable with a record "devoid of any reference to a foot injury or medical records of such injury." Docket No. 1-7 at 5. The error by the superior court was in deciding that a "prima facie case for relief" had not been stated when the factual allegations did state a claim. Because the superior court's rejection of the claim for failure to state a prima facie claim for relief was an unreasonable application of *Wolff*, deference under §2254(d) of the AEDPA does not apply and this Court now reviews Ray's claim de novo. *See Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008).

Ray was found guilty of disobeying a direct order to stand for an inmate count. A California regulation requires that inmates be counted for security reasons. "A physical account of all inmates shall be taken at least four times during each calendar day unless otherwise authorized in writing by the director. . . . At least one daily count shall be a standing count wherein inmates shall stand at their cell door or, in a dormitory, shall sit on their assigned bed during the designated count time." Cal. Code Regs. tit. 15, § 3274(a)(1). The inmate handbook for the facility at which Ray was housed described the "standing count" procedure for that facility and the exception for the medically disabled: "During a standing count, all inmates will place their I.D. card in the window of the cell door and stand inside the cell facing the door. Inmates with verified medical disabilities impacting their ability to stand will be allowed to sit up on their bunk or in a wheelchair next to his bunk during all counts identified as a standing count." Docket No. 1-4 at 5.

Ray claims that the SHO ignored his request to enter documentation on his foot injury into evidence at the disciplinary hearing. Docket No. 7. Any such error was harmless.

"Even if a prison official's actions create a potential due process violation, a habeas petitioner needs to demonstrate that he was harmed by the violation in order to obtain relief." *Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004); *see also Powell v. Coughlin*, 953 F.2d 744, 751 (2nd Cir. 1991) ("it is entirely inappropriate to overturn the outcome of a prison disciplinary proceeding because of a procedural error without making the normal appellate assessment as to whether the error was harmless or prejudicial"); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir.

1    2003) (alleged due process violation rejected based on harmless error analysis because prisoner
2    failed to explain how excluded testimony would have aided his defense); *Pilgrim v. Luther*, 571
3    F.3d 201, 206 (2nd Cir. 2009) ("a prisoner is entitled to assistance in 'marshaling evidence and
4    presenting a defense,'" but "any violations of this qualified right are reviewed for 'harmless
5    error'"); *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) ("errors made by prison officials
6    in denying witness testimony at official hearings are subject to harmless error review").

7          Even if the SHO had refused to consider Ray's medical documentation as evidence, this
8    error was harmless because the documentation does not show that Ray was not guilty. Ray was
9    still able to stand for several minutes for a standing picture count. In this documentation, Ray
10   wrote "I am still having problems standing for long periods of time or walking long distances."
11   Docket No. 1-2 at 9. According to the medical documentation, Ray "was only precluded from
12   standing more than 15-20 minutes per hour at his work assignment in the kitchen," with "no
13   restriction from standing a few minutes for the standing picture count." Docket No. 6, Ex. 3 at 3.
14   His evidence did not show a "verified medical disabilit[y] impacting [his] ability to stand" for the
15   count or otherwise give him permission to sit on his bunk during a standing count. Docket No. 1-
16   4 at 5. Thus, even if the SHO prohibited Ray from introducing his medical evidence in his
17   defense, the error was harmless and would not have changed the outcome of the disciplinary
18   hearing because Ray was capable of standing for the short period of time required for the standing
19   picture count.

20         A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in
21   which "reasonable jurists would find the district court's assessment of the constitutional claims
22   debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

The petition for writ of habeas corpus is DENIED on the merits. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: October 24, 2016

_____
SUSAN ILLSTON
United States District Judge